**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN DUDKEWIC,

                Plaintiff,

v.                                    Case No.: 3:25-cv-1091-WWB-SJH

WAL-MART STORES EAST, LP and
CARLOS MIGUEL AYALA,

                Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Corrected Motion to Remand (Doc. 26) and Defendants' Joint Response (Doc. 28). For the reasons set forth below, Plaintiff's Motion will be granted in part.

## I.    BACKGROUND

Plaintiff, John Dudkewic, worked as an online grocery shopper for Defendant Wal-Mart Stores East, LP ("**Walmart**") from December 2021 to January 2023. (Doc. 7, ¶¶ 17, 34). Defendant, Carlos Miguel Ayala, was Plaintiff's direct supervisor. (*Id.* ¶ 18). Plaintiff alleges that Ayala repeatedly flirted with him and made sexual advances, at one point touching Plaintiff without his consent, despite Plaintiff stating he was not interested and already had a partner. (*Id.* ¶¶ 19–20, 25). The conduct was also directed at other employees, including minors at the age of sixteen and seventeen years. (*Id.* ¶¶ 23–24).

Plaintiff requested a change to the night shift to escape Ayala's conduct but received no response. (*Id.* ¶ 26). Plaintiff then reported Ayala's conduct to a member of Walmart's management, who told Plaintiff that he "ha[d] no power" and directed him to

report the incidents to the company's ethics department.  (*Id.* ¶ 27).  Plaintiff did so, and the ethics department told him there would be an investigation.  (*Id.* ¶ 28).  Following Plaintiff's complaint, Ayala began directing employees not to speak to Plaintiff and increased Plaintiff's workload.  (*Id.* ¶ 29).  Plaintiff asked Walmart to remove him from Ayala's supervision, which Walmart denied.  (*Id.* ¶ 30).  Plaintiff was then informed by the ethics department that his complaint was closed, but no further detail was provided despite several requests.  (*Id.* ¶ 31).  Plaintiff reported Ayala's worsened behavior to the store manager, who told him that she "could not look after 500 employees" and that he would be let go if he did not accept the investigation results.  (*Id.* ¶ 32).  Plaintiff alleges that he was therefore "constructively discharged."  (*Id.* ¶ 33).

As a result, Dudkewic brought this action against Ayala and Walmart in state court under the Florida Civil Rights Act of 1992 ("**FCRA**"), section 760.01, Florida Statutes, for gender discrimination, harassment, retaliation, negligent supervision and retention, assault, battery, and vicarious liability.  (*See generally id.*).  Ayala removed the case to this Court on September 16, 2025.  (*See* Doc. 1).

## II.    LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), a district court may have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States."  In determining the amount in controversy, the relevant question is whether the plaintiff seeks damages in excess of the jurisdictional

limit, not whether the plaintiff will actually recover sufficient damages. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). In that vein, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Id.* (citing cases).

A defendant seeking to remove a case bears the burden of proving that the federal district court has original jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where, as here, the plaintiff fails to plead "a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* Nonetheless, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754).

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Any doubt as to "jurisdiction should be resolved in favor of remand to state court." *Id.*

## III.    DISCUSSION

Plaintiff moves to remand this action, first, on the basis that Walmart did not consent to removal and, second, because the amount-in-controversy is not satisfied. Plaintiff also seeks attorney's fees and costs for the removal.

3

The "unanimity rule" requires that all defendants consent to and join in a notice of removal pursuant to § 1446(2)(a). *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008). In this case, the removal documents contained a Walmart manager's declaration consenting to removal on behalf of the company. (Doc. 1-8 at 1; *see also* Doc. 27 at 1). Even if this was insufficient to establish consent, "[a] technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment." *Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015) (quotation omitted). Walmart joins Ayala in opposing the instant motion to remand and thus has properly consented to removal. *Cf. Est. of Everett v. Under Armour, Inc.*, 653 F. Supp. 3d 1170, 1171 (M.D. Fla. 2023) (remanding where co-defendant did not file a notice of consent or join in the opposition to remand).

Turning to diversity jurisdiction, the parties agree that complete diversity of citizenship exists. However, Plaintiff argues that Ayala has not established the requisite amount in controversy. Defendants rely on five categories of damages to establish the amount in controversy: back pay, front pay, compensatory damages, punitive damages, and attorney's fees.

First, the courts within this District are split on whether back pay accrues after removal. *Compare Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) ("Courts in this Circuit have previously held that back pay may be calculated through the estimated date of trial."), *with Bragg v. Suntrust Bank*, No. 8:16-cv-139-T, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016) ("[B]ack pay should be calculated only to the date of removal."). Upon review, and without binding authority to the contrary, this Court declines to consider back pay that accrues post-

removal. Thus, Plaintiff's pay at $15.00 per hour would be calculated from his separation of employment on January 13, 2023, to removal on September 16, 2025.

But Plaintiff argues that he mitigated his damages by working various jobs, reducing his back pay damages to $24,893.90. (Doc. 26-1 at 3). "[M]ost courts consider mitigation when calculating back pay if the plaintiff submits affidavits or other evidence specifying the amount of mitigation." *Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212, 2014 WL 4471545, at *3 (M.D. Fla. Sept. 10, 2014) (quoting *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1243 (M.D. Fla. 2011)). While the declaration does not specify the companies, dates, and income from Plaintiff's employments, the statement is made under the penalty of perjury and is itself evidence based upon Plaintiff's personal knowledge. *Cf. Pretka*, 608 F.3d at 753 (explaining that there was no evidence of the amount in controversy where there were "no specific factual details, no discovery, no affidavits or declarations, no testimony, no interrogatories, and no exhibits other than the complaints"). Therefore, Plaintiff has established, for purposes of the amount in controversy, that his back pay damages were $24,893.90 at the time of removal.

With respect to front pay, the Notice of Removal states that Plaintiff, if successful, would be entitled to $31,200.00. Entitlement to front pay is only speculative where there is no presumption of entitlement to such damages in an action. *Cf. Brown v. Wendy's Int'l, LLC*, No. 6:21-cv-449, 2021 WL 2886078, at *3 (M.D. Fla. July 9, 2021) ("[B]ecause some amount of front pay will presumptively be awarded in this dispute, and Defendant's valuation is supported by the record, this Court finds that it is more likely than not that, even with an allowance for mitigation, at least $40,000.00 of front pay is at issue in this litigation." (footnote omitted)). "Under the FCRA, a prevailing plaintiff is presumptively

entitled to reinstatement or front pay. Courts in this Circuit have previously held that it is reasonable to add one year of front pay to the amount in controversy in an FCRA employment discrimination case." *Gonzalez*, 2017 WL 164358, at *2 (citation omitted). That being so, the Court considers $22,063.00 of front pay in calculating the amount in controversy. (*See* Doc. 26-2 at 3).[1]

Next, Plaintiff seeks compensatory and punitive damages. Under the FCRA, "[t]he court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries." Fla. Stat. § 760.11(5). The statute also permits recovery of punitive damages up to $100,000. *Id*.

As to compensatory damages, this Court agrees with Defendants that comparable facts and claims in past cases can provide a basis for an estimate, but the Notice of Removal provides no such basis. Ayala cites to two cases where jury awards for emotional damages—one for $150,000.00 and the other for $457,000.00—in employment cases were upheld. (Doc. 1 at 7). While these cases establish that emotional damages have been awarded in employment cases, Ayala fails to explain the factual basis for these awards and how they were similar to the facts in the instant action. *See Metts v. Circle K Stores Inc.*, No. 6:24-cv-1712, 2024 WL 4866965, at *4 (M.D. Fla. Nov. 22, 2024) ("Defendant fails to explain how [the cases] are similar to the present case and why Plaintiff here could potentially receive a comparable award."); *Destel v. McRoberts Protective Agency, Inc.*, No. 03-62067-Civ., 2004 WL 746293, at *4 (S.D. Fla. Feb. 17, 2004) ("Defendant cites to cases where other plaintiffs were awarded large

---

[1] Because Plaintiff produced his W-2 indicating his income for the year preceding his departure from the company, the Court relies on the W-2 as opposed to the approximation offered by Defendants. (*See* Doc. 1-8 at 1).

amounts in compensatory and/or punitive damages without comparing the factual or legal claims made in those cases to Plaintiff's claims or explaining the relevance of those awards to the instant inquiry.").  Therefore, the Court does not find that Defendants have met their burden in showing that compensatory damages of $25,000 are at issue.

Turning to punitive damages, the Court will not rely on boiler plate allegations within the Complaint to guess a number within the statutory cap that is in controversy. Defendants provide no other argument on the matter, and without more, the Court is left to speculate as to Plaintiff's potential damages, which it will not do.  *See Metts*, 2024 WL 4866965, at *5 ("[T]he court finds that the defendant has not established any jurisdictional facts beyond the fact that Plaintiff requested punitive damages and alleged Defendant's conduct was 'intentional, willful, and malicious.'"); *Scott v. Walmart, Inc.*, 528 F. Supp. 3d 1267, 1277–78 (M.D. Fla. 2021); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214– 15 (11th Cir. 2007) ("[N]either the defendants nor the court may speculate in an attempt to make up for the notice's failings.").

Finally, "[a]lthough generally excluded from the calculation, '[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.'"  *Scott*, 528 F. Supp. 3d at 1278 (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)).  A prevailing plaintiff may be awarded attorney's fees under the FCRA.  *See* Fla. Stat. § 760.11(5).  Like with back pay and consistent with "the general rule that the amount in controversy is determined as of the time of removal," this Court considers only attorney's fees accrued at the time of removal. *Johnston v. Progressive Select Ins. Co.*, No. 3:23-cv-1374, 2024 WL 3402458, at *3 (M.D. Fla. Mar. 29, 2024).  Plaintiff filed this action in state court on May 20, 2025, and the state

7

court docket reflects that relatively little had been litigated prior to removal on September 16, 2025. (*See* Doc. 1-4 at 1). Because Defendants have only established a total of $46,956.90 in controversy before attorney's fees are considered, there is no reasonable estimation that attorney's fees greater than $28,043.10 were incurred prior to removal in this case. Accordingly, this case will be remanded.

Plaintiff also seeks attorney's fees and costs for Defendants' removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Because the district courts in this Circuit are split on how several issues presented in this action should be calculated into the amount in controversy, Defendants had an objectively reasonable basis for seeking removal. Accordingly, Plaintiff's request for attorney's fees and costs will be denied.

## IV.    CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 25) is **DENIED as moot**.

2. Plaintiff's Corrected Motion to Remand (Doc. 26) is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.

3. This case is **REMANDED** to the Circuit Court of the Seventh Judicial Circuit, in and for Flagler County, Florida, Case Number 2025 CA 000297.

4. The Clerk is directed to terminate all other pending motions and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on February 24, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record